In the Matter of the Estate of FRANZ KATZ, Deceased.

Surrogate's Court, New York County, April 16, 1948.

*Milton Levitan* for Rosa Katz, individually.

*Regosin, Edwards & Werner* for Rosa Katz, as executrix of Franz Katz, deceased.

*William Klein,* special guardian for Otto Cihla, an infant.

*Bernard Bernstein* for B'nai B'rith, respondent.

COLLINS, S. This is an application for the issuance of a commission to take testimony of certain attorneys in London, England. The application is made by the widow of the decedent in an endeavor to establish her claim to one half of the decedent's interest in a business known as the Riunione Co., a Dutch cor-

poration. The testimony sought to be elicited from the attorneys relates to certain consultations which the widow claims she and her husband had jointly with the attorneys respecting their business interests in the corporation. The question of the bar of section 353 of the Civil Practice Act is raised by the special guardian on behalf of his ward and by the charitable legatee. It is asserted by them that any communications between the attorneys and the decedent are privileged and that the widow has no right to waive the privilege. It is conceded that if the widow attended before the attorneys not as the wife but as the business partner of the husband then the bar of the statute would not apply but it is asserted that there is no legal proof before the court to establish the capacity in which she did appear. If she appeared with the decedent merely in the capacity of his wife and not as a business associate then the communications between the attorneys and the decedent would be privileged. A preliminary commission should issue to determine whether the wife attended with the attorneys and consulted them jointly with her husband concerning their mutual business interests or whether she attended with her husband solely because of her relationship to him as his wife. Furthermore there should be elicited information as to whether the deceased and his widow attended and consulted with the attorneys at the same time.

Upon the return of the preliminary commission if it should appear that the decedent and the widow consulted the attorneys at the same time with respect to their joint or mutual interests in the business then no privilege would exist under section 353 of the Civil Practice Act and this application for the issuance of a commission to the attorneys on the main issue could then be granted.

Submit order on notice accordingly.